UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes

DATE: September 9, 2025
JUDGE: Pamela Pepper
CASE NO: 2023-cr-149
CASE NAME: United States of America v. Precious Cruse
NATURE OF HEARING: Jury Trial—Day 2
APPEARANCES: Julie Stewart – Attorney for the government
Kate Biebel – Attorney for the government
Brian Fahl – Attorney for the defendant
Precious Cruse – Defendant
COURT REPORTER: Thomas Malkiewicz
COURTROOM DEPUTY: Justin Dreikosen
TIME: 8:58 AM – 5:00 p.m.
HEARING: Jury Trial—Day 3, September 10 at 8:30 a.m.

**AUDIO OF THIS HEARING AT DKT. NO. 59**

| START – 8:58 a.m. | Morning recess - 10:35-10:57a.m. | Lunch break: 12:21 p.m. – 1:30 p.m. | Afternoon recess: 2:51 p.m. – 3:13 p.m. | End of Day: 5:00 p.m. |
|---|---|---|---|---|

The court informed the parties that a juror had telephoned the court, advising that she could not continue to serve due to medical issues. Neither party objected to the court excusing the juror. The court excused the juror and discussed with the parties how to advise the remaining jurors of what had happened.

The government called witness Jaliyah Lawrence. During this witness's testimony, the government read into evidence **stipulation #9**. Under this stipulation, the court admitted **Exhibits 21-162** and **Exhibits 331-333.** Defense counsel cross-examined the witness.

The government called witness Cortese Ross. During this witness's testimony, the government read into evidence **stipulation #3**. Under this stipulation, the court admitted **Exhibit 1; Exhibits 1A—1Z; and 1aa—mm**. The government also read into evidence **stipulation #6**. Under this stipulation the court admitted **Exhibits 165—248; Exhibit 334; Exhibit 335; and Exhibit 335a.** Finaly, the government read into evidence **stipulation #21.** Under this stipulation, the court admitted **Exhibits 291 and 293.**

The court took a morning break from 10:35a.m. to 10:57 a.m. Before the jury returned, defense counsel raised an issue regarding two sets of text messages not previously marked as exhibits that the defendant recently

1

discovered; counsel stated that these messages contradicted the witness's testimony as to Carolyn Avery. The government had no objection to the defense using the texts for impeachment but objected on hearsay grounds to their use as substantive evidence. The court stated it would allow the defense to use the screenshot text-message conversations for impeachment purposes only. Defense counsel marked these exhibits as Exhibits 1036 and 1037.

After the break, Cortese Ross resumed the stand. Defense counsel cross-examined Ross. The prosecutor conducted re-direct examination of Ms. Ross.

The government called witness Klaranda Davis. Through this witness, the government offered and the court admitted **Exhibit 309.**

The court stood in recess for lunch from 12:21 to 1:30 p.m.

The government called witness Charlisa Smith. Defense counsel cross-examined Smith.

The government called witness Kimbery Addison. Through this witness, the government read into evidence **stipulation #8**. Under this stipulation, the court admitted **Exhibits 249-260** and **Exhibits 310-311.** Defense counsel cross-examined the witness.

The government called witness Tia Imes. Defense counsel cross-examined the witness.

The government called witness Tenisha Woulard. Defense counsel cross-examined the witness.

The court took an afternoon recess from 2:51 p.m. to 3:13 p.m.

The government called witness Mylesha Howard. Defense counsel cross-examined the witness.

The government called witness Keshawna Harris.

The government called witness Rory O'Sullivan. Through this witness, the government moved and the court admitted into evidence **Exhibits 299, 302, 304, 305, 306 and 307**.

The court excused the jury at 4:56 p.m.

2

The court asked counsel to begin preparing an agreed-upon index of exhibits to assist the jurors in their deliberations.

The court stood in recess at 5:00 p.m.