UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

Court Minutes and Order

DATE: September 11, 2025
JUDGE: Pamela Pepper
CASE NO: 2023-cr-149
CASE NAME: United States of America v. Precious Cruse
NATURE OF HEARING: Jury Trial – Day 4
APPEARANCES: Julie Stewart – Attorney for the government
Kate Biebel – Attorney for the government
Brian Fahl – Attorney for the defendant
Precious Cruse – Defendant
COURTROOM DEPUTY: Justin Dreikosen
COURT REPORTER: Tom Malkiewicz
TIME: 8:59 a.m. –
HEARING: Jury Trial – Day 5, September 12, 2025 at 9:00 a.m.

| Start – 8:59 a.m. | Morning recess - 10:28-10:47a.m. | Lunch: 12:36-1:38 p.m. | Afternoon recess: 2:23p.m. -2:43p.m.; 3:52 p.m.—4:08 p.m. | End of Day: 6:09 p.m. |
|---|---|---|---|---|

Before calling the government's next witness, the prosecutor read **stipulation #1**. The government called FBI Agent Jill Dring. During this witness's testimony, the government offered and the court admitted **Exhibits 328, 329, 337, 338, 339, 340 and 341**, as well as clips **296a and b and 297a and b** of previously admitted exhibits. Defense counsel cross-examined the witness.

The court broke for lunch from 12:36 to 1:38 p.m.

The government called Melissa Presley. During this witness's testimony, the prosecutor read **stipulations #10, 11, 12, 13, 14, 15, 17, 18, 19 and 20.** Under these stipulations, the court admitted **Exhibits 285-288** (stipulation #10); **Exhibits 271-273** (stipulation #11); **Exhibits 269-269a-d** (stipulation #12); **Exhibits 274-277** (stipulation #13); **Exhibits 261-266** (stipulation #14); **Exhibits 289-289a** (stipulation #15); **Exhibit 270** (stipulation #17)**; Exhibit 278** (stipulation #18)**; Exhibit 267** (stipulation #19); **and Exhibits 279-284** (stipulation #20)**.** The government offered and the court admitted **Exhibits 317, 318, 319** and **320.** Defense counsel cross-examined Presley.

The government rested. The court excused the jury.

1

Defense counsel moved under Rule 29 of the Federal Rules of Criminal Procedure for judgment of acquittal as to Counts 10 and 11 only—the aggravated identity theft charges. Defense counsel renewed his argument under Dubin v. United States, 599 U.S. 110 (2023). The prosecutor distinguished Dubin and argued that this case fell squarely within ambit of aggravated identity theft under 18 U.S.C. §1028A. The court denied the Rule 29 motion, reasoning that the victims' identities were critical in effectuating the alleged fraud. The court found that the government had presented sufficient evidence to allow a reasonable jury to conclude that defendant had engaged in aggravated identity theft.

The court conducted a brief colloquy with the defendant, who confirmed that she understood that she had an absolute right not to testify or present evidence. The defendant advised the court that she had had sufficient time to discuss with her counsel the pros and cons of testifying, and that she had decided to testify. The court confirmed that the defendant had made this choice of her own volition after receiving the advice of her counsel.

The defendant testified.

The court took a recess from 3:52 to 4:08 p.m. Outside the presence of the jury, the government told the court it wished to cross-examine the defendant with an Instagram post from earlier in the week. Defense counsel objected, and the court sustained the objection.

The government cross-examined the witness.

The court excused the jury at 5:24 p.m.

Outside the presence of the jury, the court conducted the jury instruction conference.

The court stood in recess at 6:09 p.m.

The court **DENIES** the defendant's oral Rule 29 motion for a dismissal of Counts 10 and 11.

Dated in Milwaukee, Wisconsin this 11th day of September, 2025.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**